### J. A. GILMORE v. THE BANK OF GARNETT.

No. 452.   (63 Pac. 89.)

1. PRACTICE, *District Court — Demurrer — Character of Evidence.* Where the evidence demurred to is such that the jury might reasonably have drawn therefrom a conclusion favorable to the party introducing such evidence, it is error to sustain the demurrer.

2. —————— *Ruling on Demurrer—Presentment for Review.* A ruling of the trial court sustaining a demurrer to the evidence is presented for review by a motion for a new trial, duly filed, which alleges "that the decision of the court is not sustained by sufficient evidence and is contrary to law," although no other exception to the ruling appears in the record.

Error from Anderson district court; A. W. BENSON, judge. Opinion filed December 17, 1900. Reversed.

*Oscar Foust & Son,* for plaintiff in error.

*Noah L. Bowman,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the Bank of Garnett against J. A. Gilmore to recover upon a promissory note for $955.96 given by Gilmore to the bank. The answer, besides a general denial, averred :

"That said note is an accommodation note given to plaintiff to represent certain real estate, to wit :   . . .

situated in the city of Garnett, Anderson county, Kansas, owned by plaintiff but not appearing in its assets ; that said note was given without any good or valuable consideration whatever ; that said note was made, executed and delivered to said plaintiff by mistake, the defendant being informed by plaintiff—and believing at the time of delivery of said note—that his account with plaintiff had been given a credit of $1000 to which he was not entitled ; that defendant discovered that he was entitled to the credit of $1000 within a few hours after the delivery of the said note ; and that he immediately demanded of plaintiff possession of said note.   Defendant further says that the real estate owned by plaintiff, and represented in the assets of plaintiff by said note, has been sold by plaintiff ; that plaintiff has received the rents and profits from said real estate and the proceeds from the sale thereof, and that said note has been fully paid.   Defendant says that he has demanded of plaintiff a surrender of said note or cancelation of his signature.   Wherefore plaintiff asks that defendant be ordered and decreed to deliver said note to defendant for cancelation and destruction, and that he have judgment for costs.''

The reply, besides being a denial of the allegations of the answer which were inconsistent with those of the petition, alleged that the defendant held the title to the real property described in the answer, exercised exclusive control over the same, collected all the rents and profits arising therefrom, procured loans thereon and used the proceeds of such loans, and afterward sold the property and used the proceeds arising from its sale.   The court sustained the plaintiff's demurrer to the defendant's evidence and rendered judgment as prayed for in the petition.

A critical examination of the evidence demurred to leads us to conclude that the jury from whose consideration the case was withdrawn might reasonably have drawn therefrom any one of the three following

inferences: (1) That the note was given by Gilmore for his own debt; (2) that the note was given for accommodation of the bank for the purpose of keeping its paper assets in an apparently proper condition, and thus avoiding direct ownership by it of real estate; or, (3) that the note was given by Gilmore under mistake of fact respecting his indebtedness to the bank, he being entitled to a credit of $1000 which was overlooked at the time the note was executed. Either of the last two inferences would have warranted a verdict for the defendant. It is clear that where the evidence demurred to is such that the jury might reasonably have drawn therefrom a conclusion favorable to the party introducing such evidence, it is error to sustain the demurrer.

The motion to dismiss filed by the defendant in error will be overruled, the grounds thereof having been shown to be untenable by affidavits on behalf of the plaintiff in error. The defendant in error objects to the consideration of the petition in error, for the reason that no exception appears to have been taken to the ruling of the court sustaining the demurrer to the evidence at the time the ruling was made. The journal entry of judgment shows that immediately after sustaining the demurrer the court entered judgment for the plaintiff. The motion for a new trial alleges that the decision of the court is not sustained by sufficient evidence and is contrary to law. This is sufficient to present for review the ruling of the trial court on the demurrer. (*Gruble v. Ryus*, 23 Kan. 195; *Pratt v. Kelley*, 24 id. 111.)

The judgment of the district court is reversed and the cause remanded for a new trial.

DENNISON, P. J., concurring.

SCHOONOVER, J., not sitting.